## IN THE UNTED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARVIN BETHEA<br>175 Johnson Avenue, Apt. 106<br>Trenton, NJ 08638 | : <br> : <br> : <br> : | CIVIL ACTION |
| Plaintiff, | : <br> : | No.:_____ |
| v. | : <br> : | |
| BLACK HORSE CARRIERS, INC.<br>455 Kehoe Blvd, Suite 105<br>Carol Stream, IL 60188<br>      and<br>PENSKE LOGISTICS<br>Route 10 Green Hills<br>Reading, PA 19603 | : <br> : <br> : <br> : <br> : <br> : <br> : | **JURY TRIAL DEMANDED** |
| Defendants. | : <br> : <br> : | |

## CIVIL ACTION COMPLAINT

Carvin Bethea (*hereinafter* referred to as "Plaintiff," unless indicated otherwise) by and through his undersigned counsel, hereby avers as follows:

## INTRODUCTION

1.      Plaintiff has initiated this action to redress violations by Black Horse Carriers, Inc. ("BHC") and Penske Logistics ("Penske")(or collectively "Defendants") of Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 200d *et seq*.), Section 1981 of the Civil Rights Act of 1866 ("Section 1981" – 42 U.S.C. § 1981), and the Pennsylvania Human Relations Act ("PHRA").[1] As a direct consequence of Defendants' unlawful actions, Plaintiff seeks damages as set forth herein.

---

[1] Plaintiff's claims under the PHRA are referenced herein for notice purposes.  He is required to wait 1 full year before initiating a lawsuit from date of dual-filing with the EEOC.  Plaintiff must however file his lawsuit in advance of same

**JURISDICTION AND VENUE**

2. This Court has original subject matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal laws.

3. This Court also maintains subject matter jurisdiction pursuant to 28 U.S.C. §1332, via diversity of citizenship, as the parties are citizens of at least two different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interest.

4. This Court may properly assert personal jurisdiction over Defendants because their contacts with this state and this judicial district are sufficient for the exercise of jurisdiction over Defendants to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in *Int'l Shoe Co. v. Washington*, 326 U.S. 310 (1945), and its progeny.

5. Pursuant to 28 U.S.C. § 1392(b)(1) and (b)(2), venue is properly laid in this district because Defendants are deemed to reside where it is subjected to personal jurisdiction, rendering Defendants residents of the Eastern District of Pennsylvania and because all of the acts relevant to this matter occurred in the Eastern District of Pennsylvania.

6. Plaintiff is proceeding herein (in part) under Title VII after properly exhausting all administrative remedies with respect to such claims by timely filing a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and by filing the instant lawsuit within ninety (90) days of receiving a notice of dismissal and/or right to sue letter from the EEOC.

---

because of the date of issuance of his federal right-to-sue-letter under Title VII. Plaintiff's PHRA claims however will mirror identically his federal claims under Title VII.

**PARTIES**

7.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

8.    Plaintiff is an adult individual, with an address as set forth in the caption.

9.    Defendants BHC is a company that provides supply chain management and logistics services to companies.  Its headquarters are located at the address set forth in the caption of this Complaint.

10.    Defendant Penske acquired BHC in or about 2021 and operates a location out of BHC's Langhorne, PA site.

11.    Defendants are properly considered a single, joint and/or integrated employer of Plaintiff because they have an interrelation of business and financial operations and both had control over the terms and conditions of Plaintiff's employment.  For example, but not intending to be an exhaustive list:

> a.  Plaintiff was hired by Defendant BHC, physically worked at its Langhorne, PA location, was supervised by employees of BHC and was provided day-to-day duties by Defendant BHC;
>
> b.  Plaintiff was paid by Defendant BHC, as is reflected on his pay stubs and W-2s;
>
> c.  Defendant Penske acquired Defendant BHC in or about 2021 and had control over Plaintiff's employment, including providing supervision and oversight to him;
>
> d.  Defendants have overlapping and common ownership, management, human resources, payroll and employees.

12.    At all times relevant herein, Defendants acted by and through their agents, servants and employees, each of whom acted at all times relevant herein in the course and scope of their employment with and for the Defendants.

**FACTUAL BACKGROUND**

13.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

14.     Plaintiff is a black (African-American) male.

15.     Plaintiff was hired by Defendants in or about February 2020.

16.     Plaintiff worked out of Defendants' Cabot Blvd. West, Langhorne, PA location.

17.     During Plaintiff's employment, he worked as a full-time yard jockey/shuttle driver.

18.     Plaintiff was qualified for this job, as he possesses the requisite skills and experience for the position, including but not limited to a Commercial Driver's License ("CDL"- Class A).

19.     Plaintiff was primarily supervised by Dan Litten (Operations Manager), Melissa Guertin (Operations Manager) and Bernie VanBuskirk (Senior Operations Manager), all of whom are white (non-black).

20.     Plaintiff observed and experienced that Litten, VanBuskirk, Guertin and other members of Defendants' management often treated him much less favorably than non-black employees, including but not limited to the manner in which they spoke to Plaintiff, interacted with him and by requiring him to perform more work than Caucasian employees, being overly critical and scrutinizing of his work, unfairly reprimanding him and paying him less than his similarly-situated (non-black) colleagues.

21.     A few months prior to Plaintiff's termination, Litten informed Plaintiff that he would be required to perform the work of a yard jockey/truck position, which was a step up from his then-current position.

22.     Despite that Plaintiff was willing to work in this new position, he was told that he would be paid the same rate as his then-current position and would not be issued a raise or rate adjustment.

23.     However, upon information and belief, Defendants paid two non-black employees who performed the same job approximately $3.00 more per hour than Plaintiff for the same position.

24.     As a result, Plaintiff declined the position.

25.     In or about 2020 and into 2021, Plaintiff expressed concerns of race discrimination to Defendants, including informing them that he believed he was being treated differently and unfairly compared to his non-black co-workers.

26.     Despite making these complaints, Defendants did not conduct any investigation into Plaintiff's allegations and failed to follow-up with him regarding his concerns.

27.     Instead, shortly after he expressed his concerns of race discrimination/disparate treatment, Plaintiff was treated rudely and with animosity by Defendants.

28.     For example, but not intending to be an exhaustive list, Defendants (1) started following Plaintiff around the workplace monitoring his conduct; (2) were extremely short with Plaintiff and spoke to him rudely; (3) spoke to and reprimanded Plaintiff for petty issues that non-black employees engaged in but were not reprimanded for; (4) altered Plaintiff's shift and (5) reduced his hours.

29.     In or about early March 2021, Plaintiff expressed additional complaints of race discrimination to Defendants' management, including tell them that he felt that Defendants were still treating him unfairly because of his race.

30.     On or about March 17, 2021, Plaintiff was brought into a meeting with Defendants' management and accused of failing to perform his job duties, which was untrue and Plaintiff disputed.

31.     During this meeting, Plaintiff again told Defendants that he was being targeted by Defendants because of his race and that he thought it was unfair.

32.     A few minutes after Plaintiff expressed these additional complaints of discrimination, he was suspended for an unwarranted and disputed reason.

33.     Thereafter, on or about March 24, 2021, within five (5) business days after Plaintiff's final complaint of race discrimination, Plaintiff was terminated by Defendants.

34.     At the time of his termination, Plaintiff was informed by Defendants that he was being terminated for allegedly acting in a threatening and aggressive manner on or about March 17, 2021 during the meeting with Defendants' management.

35.     This allegation is totally untrue and disputed, as Plaintiff did not act in a threatening, rude, aggressive or unprofessional manner during the March 17, 2021 meeting (or at any other time during his employment with Defendants).

36.     Thus, Plaintiff believes and therefore avers that he was, without question, terminated because of his race and/or in retaliation for making complaints of race discrimination.

**COUNT I**
**Violation of Title VII of the Civil Rights Act of 1964 ("Title VII")**
**(Race Discrimination & Retaliation)**

37.     The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

6

38.    Based on the foregoing, Plaintiff believes and therefore avers that he was terminated from his employment with Defendants because of his race and/or for engaging in protected activity under Title VII.

39.    These actions as aforesaid constitute unlawful discrimination and retaliation under Title VII.

**COUNT II**
**Violations of 42 U.S.C. Section 1981**
**(Race Discrimination & Retaliation)**

40.    The foregoing paragraphs are incorporated herein in their entirety as if set forth in full.

41.    Based on the foregoing, Plaintiff believes and therefore avers that he was terminated from his employment with Defendants because of his race and/or for engaging in protected activity under Section 1981.

42.    These actions as aforesaid constitute unlawful discrimination and retaliation under Section 1981.

**WHEREFORE**, Plaintiff prays that this Court enter an Order providing that:

A.    Defendant is to promulgate and adhere to a policy prohibiting discrimination and retaliation in the future against any employee(s);

B.    Defendant is to compensate Plaintiff, reimburse Plaintiff, and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority;

C.    Plaintiff is to be awarded punitive damages as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendant for their willful,

7

deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.      Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress, pain, suffering and humiliation); and

E.      Plaintiff is to be awarded the costs and expenses of this action and reasonable attorney's fees as provided by applicable federal and state law.

Respectfully submitted,

**KARPF, KARPF & CERUTTI, P.C.**

By:    _____
Ari R. Karpf, Esq.
Jeremy M. Cerutti, Esq.
3331 Street Rd.
Two Greenwood Square, Suite 128
Bensalem, PA 19020
(215) 639-0801

Dated:  September 24, 2021

8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**CASE MANAGEMENT TRACK DESIGNATION FORM**

|  |  |  |
|---|---|---|
| Carvin Bethea | : | **CIVIL ACTION** |
| v. | : | |
| | : | |
| Black Horse Carriers, Inc., et al. | : | **NO.** |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.  ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.  ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.  ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.  ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)  ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.  (X )

| 9/24/2021 | | Plaintiff |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 639-0801 | (215) 639-4970 | akarpf@karpf-law.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: ___175 Johnson Avenue, Apt 106, Trenton, NJ 08638_____

Address of Defendant: ___455 Kehoe Blvd, Suite 105, Carol Stream, IL 60188 / Route 10 Green Hills, Reading, PA 19603___

Place of Accident, Incident or Transaction: ___Defendants place of business_____

---

*RELATED CASE, IF ANY:*

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when **Yes** is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes ☐    No ☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?    Yes ☐    No ☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?    Yes ☐    No ☒

I certify that, to my knowledge, the within case ☐ **is** / ☒ **is not** related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: __9/24/2021_____    _____    ___ARK2484 / 91538___
                                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

*A.    Federal Question Cases:*

- ☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2. FELA
- ☐ 3. Jones Act-Personal Injury
- ☐ 4. Antitrust
- ☐ 5. Patent
- ☐ 6. Labor-Management Relations
- ☒ 7. Civil Rights
- ☐ 8. Habeas Corpus
- ☐ 9. Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases
  *(Please specify): _____*

*B.    Diversity Jurisdiction Cases:*

- ☐ 1. Insurance Contract and Other Contracts
- ☐ 2. Airplane Personal Injury
- ☐ 3. Assault, Defamation
- ☐ 4. Marine Personal Injury
- ☐ 5. Motor Vehicle Personal Injury
- ☐ 6. Other Personal Injury *(Please specify): _____*
- ☐ 7. Products Liability
- ☐ 8. Products Liability – Asbestos
- ☐ 9. All other Diversity Cases
  *(Please specify): _____*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, ___Ari R. Karpf_____, counsel of record *or* pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: __9/24/2021_____    _____    ___ARK2484 / 91538___
                                    *Attorney-at-Law / Pro Se Plaintiff*        *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

Civ. 609 (5/2018)

JS 44 (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

BETHEA, CARVIN

## DEFENDANTS

BLACK HORSE CARRIERS, INC., ET AL.

**(b)** County of Residence of First Listed Plaintiff  Mercer
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  DuPage
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Karpf, Karpf & Cerutti, P.C.; 3331 Street Road, Two Greenwood Square, Suite 128, Bensalem, PA 19020; (215) 639-0801; akarpf@karpf-law.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

1 U.S. Government Plaintiff

X 3 Federal Question
*(U.S. Government Not a Party)*

2 U.S. Government Defendant

4 Diversity
*(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | 1 | 1 | Incorporated *or* Principal Place of Business In This State | 4 | 4 |
| Citizen of Another State | 2 | 2 | Incorporated *and* Principal Place of Business In Another State | 5 | 5 |
| Citizen or Subject of a Foreign Country | 3 | 3 | Foreign Nation | 6 | 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane / 365 Personal Injury - | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability / Product Liability |  |  | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & / 367 Health Care/ |  | **PROPERTY RIGHTS** | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | Slander / Pharmaceutical Personal Injury |  | 820 Copyrights | 430 Banks and Banking |
| 151 Medicare Act | 330 Federal Employers' / Product Liability |  | 830 Patent | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | Liability / 368 Asbestos Personal Injury Product |  | 835 Patent - Abbreviated New Drug Application | 460 Deportation |
|  | 340 Marine / Liability |  | 840 Trademark | 470 Racketeer Influenced and Corrupt Organizations |
| 153 Recovery of Overpayment of Veteran's Benefits | 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | **SOCIAL SECURITY** | 480 Consumer Credit |
| 160 Stockholders' Suits | 350 Motor Vehicle / 370 Other Fraud | 710 Fair Labor Standards Act | 861 HIA (1395ff) | 490 Cable/Sat TV |
| 190 Other Contract | 355 Motor Vehicle / 371 Truth in Lending | 720 Labor/Management Relations | 862 Black Lung (923) | 850 Securities/Commodities/ Exchange |
| 195 Contract Product Liability | Product Liability / 380 Other Personal | 740 Railway Labor Act | 863 DIWC/DIWW (405(g)) | 890 Other Statutory Actions |
| 196 Franchise | 360 Other Personal / Property Damage | 751 Family and Medical | 864 SSID Title XVI | 891 Agricultural Acts |
|  | Injury / 385 Property Damage | Leave Act | 865 RSI (405(g)) | 893 Environmental Matters |
|  | 362 Personal Injury - / Product Liability |  |  | 895 Freedom of Information Act |
|  | Medical Malpractice |  |  |  |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | 790 Other Labor Litigation | **FEDERAL TAX SUITS** | 896 Arbitration |
| 210 Land Condemnation | 440 Other Civil Rights / **Habeas Corpus:** | 791 Employee Retirement Income Security Act | 870 Taxes (U.S. Plaintiff or Defendant) | 899 Administrative Procedure Act/Review or Appeal of |
| 220 Foreclosure | 441 Voting / 463 Alien Detainee |  | 871 IRS—Third Party 26 USC 7609 | Agency Decision |
| 230 Rent Lease & Ejectment | X 442 Employment / 510 Motions to Vacate Sentence |  |  | 950 Constitutionality of State Statutes |
| 240 Torts to Land | 443 Housing/ / 530 General |  |  |  |
| 245 Tort Product Liability | Accommodations / 535 Death Penalty | **IMMIGRATION** |  |  |
| 290 All Other Real Property | 445 Amer. w/Disabilities - / **Other:** | 462 Naturalization Application |  |  |
|  | Employment / 540 Mandamus & Other | 465 Other Immigration Actions |  |  |
|  | 446 Amer. w/Disabilities - / 550 Civil Rights |  |  |  |
|  | Other / 555 Prison Condition |  |  |  |
|  | 448 Education / 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*

X 1 Original Proceeding

2 Removed from State Court

3 Remanded from Appellate Court

4 Reinstated or Reopened

5 Transferred from Another District *(specify)*

6 Multidistrict Litigation - Transfer

8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII (42USC2000); Section 1981 (42USC1981)

Brief description of cause:
Violations of Title VII, Section 1981 and the PHRA.

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   X Yes   No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE  9/24/2021

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG. JUDGE

Print   Save As...   Reset